John E. WISE, Appellant,

v.

**KENTUCKY HOME MUTUAL LIFE IN-SURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1967.

Richard C. Oldham, Dorothy G. Cox, Oldham, Burroughs & Miller, Louisville, for appellant.

John P. Sandidge, John A. Fulton, Woodward, Hobson & Fulton, Louisville, for appellee.

WILLIAMS, Chief Justice.

This is the second appeal taken in this case. On the first appeal the judgment of the Jefferson Circuit Court was reversed on the ground an erroneous instruction was given to the jury. Kentucky Home Mutual Life Ins. Co. v. Wise, Ky., 364 S.W.2d 338 (1963). Upon a second trial a jury re-

turned a verdict disallowing recovery by appellant John E. Wise. From the judgment entered on that verdict this appeal is taken.

The facts were adequately stated in the first opinion and will be only briefly summarized here. Wise alleged he was injured when an elevator in the Kentucky Home Life Building fell a short distance with him. The defense was that all required safety measures had been taken and requisite inspections made by Kentucky Home Mutual Life Insurance Company and Otis Elevator Company, between which an elevator maintenance and service contract existed. Evidence was offered that a fuse blew as a result of the grounding of one of the armature coils inside the motor due to a breakdown of the installation which could not have been discovered by visual inspection except by dismantling the motor at great cost and possibly could not have been detected even then by a visual examination. Under the circumstances, we stated in the first opinion that the case was one for a jury to decide. The proof did not change on a second trial and was not of such character as to entitle appellant to a directed verdict.

In the first opinion we discussed with some particularity the doctrine of res ipsa loquitur and applied the analysis to the circumstances of this case. We held the doctrine applies in a case where a passenger is injured by the fall of an elevator; that the highest degree of care is required in the management and operation of an elevator; but such care does not place the manager and operator in the position of an insurer.

Wise introduced proof showing the elevator fell and he was injured. Kentucky Home and Otis countered with testimony concerning the care taken in the maintenance, operation and inspection of the elevator. The permissible inference of negligence drawn from Wise's proof was rebutted by the testimony of Kentucky Home and Otis. In other words, after plaintiff presented his case the defendants assumed the burden of going forward with their defense which presented an issue to be decided by a jury.

In our first opinion we stated that on a new trial "an instruction adapted from Stanley's Kentucky Instructions to Juries, vol. 1, section 252, page 399, sets forth the proper standard." In compliance the trial court gave the following instruction:

"1. The defendant, Kentucky Home Mutual Life Insurance Company, is not an insurer of its passengers, but it was the duty of the defendant and its agents and servants to exercise the highest degree of care for the safety of passengers it undertook to carry, and the management and operation of its elevators, in the care and inspection of its equipment, and in the care and inspection of the running gear of its elevators, and if the jury shall believe from the evidence that the defendant, Kentucky Home Mutual Life Insurance Company, failed to exercise the highest degree of care for the safety of the plaintiff, John Wise, and that as a direct and proximate result of such failure, if any, on their (sic) part the elevator car on which he was a passenger was caused to fall or to make a sudden or unusual stop and, as a result thereof, Wise sustained the injuries of which he complained, then the law is for the plaintiff and the jury should so find; unless the jury shall believe from the evidence that the accident and resulting injury aforesaid was brought about by some cause which the highest degree of care upon the part of defendant's agents and servants could not have prevented or guarded against, in which later or latter event, the law is for the defendant, and the jury shall so find."

Wise maintains that instruction puts the burden on him of showing how the accident was caused. He says those facts are exclusively within the knowledge of Kentucky Home and Otis, and he could not affirmatively prove negligence. The

fallacy of the argument is that he was not required to prove specific negligent acts of Kentucky Home and Otis to prevail under that instruction. The instruction recites that the law is for Wise if the jury believe Kentucky Home failed to exercise the highest degree of care for the safety of its passengers, and unless the accident resulted from some cause which the highest degree of care would not have prevented. This is in conformance with the res ipsa loquitur doctrine and a specific instruction on that theory was unnecessary. Lee v. Tucker, Ky., 365 S.W.2d 849 (1963).

 It will be noted that in substance the instruction (No. 1) set forth in section 252 of Stanley's Instructions directs the jury to find for the plaintiff *unless* the accident resulted from a cause that that exercise of the highest degree of care by the defendant would not have prevented, whereas the instruction here under consideration directs a finding for the plaintiff *if* the accident did result from the defendant's failure to exercise such care, and then follows with a restatement of the same criterion in the "unless" form. We think that either the "if" or the "unless" form is appropriate in that it states to the jury in an understandable way the legal premise on which it is to determine the issue of liability. The instruction here given was redundant in attempting to state the same basic proposition both ways. It would have been clearer and in better form had the "unless" clause been omitted. Nevertheless, we do not believe it was misleading or likely to confuse the jury.

Wise offered the following instruction which was refused by the court:

"The duty or obligation of the Kentucky Home Mutual Life Insurance Company to exercise the highest degree of care for the safety of John Wise is an obligation which cannot be avoided by its maintenance contract with Otis Elevator Company. As far as John Wise is concerned its obligation to him is unchanged."

The court instructed on Kentucky Home's duty to exercise the highest degree of care and on Otis' duty to exercise reasonable care. Under the circumstances it was unnecessary to give a separate instruction on non-delegability of the highest degree of care.

An objection to a portion of the closing argument made by appellee's counsel was not ruled upon. No request for a ruling and no motion that the jury be admonished were made. Such failure operates as a waiver. Betzing v. Winn, Ky., 248 S.W.2d 727 (1952).

The judgment is affirmed.

All concur except OSBORNE, J., not sitting.