**John Allen MINOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

Rehearing Denied April 28, 1972.

Robert P. Hastings, Hardy, Logan & Hastings, Louisville, Robert R. Riggle, Jeffersontown, Ind., for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

This is a belated appeal granted by the Jefferson Circuit Court in a hearing on appellant's RCr 11.42 motion to vacate a 1969 conviction on charges of armed robbery and wilful murder. The appellant was given two life sentences. He presents two arguments in an effort to reverse his conviction. First he contends the evidence was insufficient to support the verdict of the jury; and second, he insists that the attorney for the Commonwealth made inflammatory and prejudicial argument.

While there was some confusion in the identification of the appellant and his codefendant, there was clear and positive evidence as to the identity of the appellant and as to the fact that appellant and his codefendant were equally guilty in a joint undertaking to rob the complaining witness and his companion; and that in the process of doing so, the companion was shot and killed. We think the evidence was sufficient to sustain and support the verdict.

Furthermore, it appears from the record, and is admitted by counsel for appellant, that appellant's trial counsel made no motion for a directed verdict of acquittal either at the close of the Commonwealth's case or at the close of all the evidence. The first mention of the sufficiency of the evidence to convict appears in appellant's motion and grounds for a new trial. Consequently, the trial court had no opportunity during the trial to rule on the sufficiency of the evidence to support the verdict. RCr 10.12. The claimed error of the trial court was not preserved for appellate review. It is only in cases where the judgment of conviction imposes the death penalty that this court will abrogate its well-established rule of procedure and review questions that have not been previously preserved for appellate review. Cf. Anderson v. Commonwealth, 302 Ky. 275, 194 S.W.2d 530.

In fairness to appellant's present counsel, it should be observed here that he was not the attorney representing appellant at the trial court level.

Next we turn to appellant's contention that he was prejudiced by the closing argument for the Commonwealth. We quote herewith the portion of the argument for the Commonwealth which is charged to be prejudicial:

"* * * If you are wanted for a crime you didn't commit and you knew the police were looking for you, any decent, good citizen would go to the police and say, 'I was at home in bed.' * * * Now, I submit, think about that. If you were charged with an offense or if I am, or the Judge is, why, the first thing we would do would be to go to the police— 'Mr. Policeman, you're all wrong. I was at home in bed and my two sisters will tell you that.' * * * And not until a year later—'I'll tell you nothing'—not quoting the evidence literally—'I'll tell you nothing. Prove it on me.' And he told them nothing on the advice of his counsel and I'm not criticizing counsel * * *. Let me call your attention to something. Why wasn't the codefendant called? The processes of this Court are

open. Why wasn't Leon Wilson called and put on that witness stand?

"MR. SHOBE: Judge, I would like to object because, of course the Commonwealth could have called him, too.

"THE COURT: That's true. Either side could have called him.

"MR. OUSLEY: I will accept that statement with some reservation. I will accept it but what will these fellows tell the Commonwealth of Kentucky? What will they tell the police? Why, they'll laugh in your face and they'll spit in your face. They'll tell the Commonwealth nothing. That's the reason the Commonwealth doesn't call them. We could have called him. Wilson, if it is true, could have said 'It's over with. It's the end.' He could have said 'He wasn't with me.' They didn't dare call him."

The only objection to the argument of the Commonwealth's attorney is copied above. That objection related to the fact the appellant did not call as a witness his codefendant, Leon Wilson. This objection was not based upon the right of Leon Wilson not to testify because it might tend to incriminate him. This record is silent as to whether or not Leon Wilson had previously entered a plea of guilty to the charge. If he had done so, then his constitutional rights under the Fifth Amendment to the United States Constitution would have been in no manner violated by his being called as a witness by the appellant herein. From the nature of appellant's objection and the trial court's comment to the effect that "either side could have called him," it is apparent that both the Commonwealth and the defense as well as the trial court considered Leon Wilson a competent witness for either side. We do not mean to condone such an argument; but under the peculiar circumstances, we do not find this reference by the prosecution to have been prejudicial to the appellant's substantial rights. Pennewell v. United States, 122 U.S.App.D.C. 332, 353 F.2d 870 (1965).

Also copied hereinbefore as a part of the Commonwealth's argument to which objection is now made in this court is a reference to the appellant's failure to "go to the police" and explain his whereabouts on the night the crime was committed. We know of no law, past or present, which requires a man charged with or suspected of a crime to go to the officers of the law to explain his innocence. Assuredly he is not required to testify in his own behalf on the final trial of his case before the jury. If he may safely decline to testify in his own half on his trial, he certainly may decline to report to the police and decline to make any statement or comment. We have no hesitancy in condemning such an argument by the prosecuting attorney; yet, we must pursue the matter further and make the inquiry whether or not the substantial rights of the appellant were prejudiced by this improper argument.

The defendant reported to the police three days after the date on which the crime was committed but did not testify until about one year later when his trial was conducted. But on his trial, he voluntarily took the witness stand and testified in his own behalf, thereby waiving his right to remain silent. So the Commonwealth's argument amounts to no more than to say that instead of giving his alibi to the jury at his trial, appellant should have given it to the police three days after the crime was committed.

Furthermore, the appellant made no objection to that part of the argument of the prosecuting attorney which pertained to his failure to go to the police and promptly report his alibi. Neither did the appellant move the court for a mistrial. Under these circumstances, we do not find that the appellant made sufficient objection on the trial to authorize appellate review. Wise v. Kentucky Home Mutual Life Insurance Co., Ky., 420 S.W.2d 573 (1967).

Considering the argument from both angles, we do not think it was prejudicial to the substantial rights of the appellant.

RCr 9.24 and Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125.

The judgment is affirmed.

All concur.