**Murrell Toby HOCKENBURY, III, Petitioner-Appellee,**

v.

**Dewey SOWDERS, Superintendent, Kentucky State Penitentiary, Respondent-Appellant.**

No. 79–3339.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1980.

Decided April 17, 1980.

Barbara B. Edelman, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellant.

Larry H. Marshall, Asst. Public Advocate, Frankfort, Ky., for petitioner-appellee.

Before WEICK, MERRITT and KENNEDY, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Respondent appeals the District Court's grant of petitioner's Writ of Habeas Corpus. Petitioner was convicted in Warren Circuit Court, Kentucky of first degree robbery, in violation of KRS § 515.020. The District Court found that questions by the prosecutor of defendant and certain comments by the prosecutor in final argument were, in effect, a reference to post arrest silence impermissible under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Petitioner had waived his *Miranda* rights and made a statement to the arresting officers regarding his whereabouts at the time of the robberies. When this proved incorrect, he told the officers that he did not recall where he was. At trial he testified he was with friends and family members who also provided alibi testimony.

The respondent's first argument on appeal is that the petitioner's claim was not properly reviewable by the District Court because it was not properly preserved by an objection, as required by Kentucky law. This argument is based, in large part, on *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), in which the Supreme Court held that the failure to comply with a state's contemporaneous objection requirement which precludes direct review likewise precludes federal habeas corpus review absent a showing of "cause" and "prejudice". This failure to comply with the state's contemporaneous objection requirement amounts to an independent and adequate state procedural ground for affirming the conviction with regard to that issue. *Wainwright, supra*, 433 U.S. at 81–82, 86–87, 97 S.Ct. at 2503–2504, 2506. In deciding *Wainwright*, the Supreme Court specifically rejected the application of the sweeping language in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), to a defendant's failure to raise objections at the trial court level to the admission of a confession. *Wainwright, supra*, 433 U.S. at 87–88, 97 S.Ct. at 2506–2507. The rule in *Fay v. Noia, supra*, had been read by this Court and others as allowing federal habeas corpus review, in spite of a defendant's failure to comply with the state's contemporaneous objection requirement, unless the defendant had attempted a "deliberate bypass" of the state court procedure. *See Minor v. Black*, 527 F.2d 1, 4–5 (6th Cir. 1975), *cert. denied*, 427 U.S. 904, 96 S.Ct. 3189, 49 L.Ed.2d 1198 (1976). The decision in *Wainwright* appears to now preclude such a broad reading of the rule in *Fay v. Noia*.

Among the reasons cited by the Supreme Court for rejecting the "deliberate bypass" rule and requiring deference to states' contemporaneous objection requirements, in the absence of a showing of "cause" and "prejudice", are the following: (1) A contemporaneous objection requirement allows the record of the constitutional claim to be made when the recollections of the witnesses are freshest, rather than years later in a federal habeas habeas corpus proceeding. (2) It allows the judge who observed the demeanor of the relevant witnesses to make the factual determinations necessary for deciding the federal constitutional question. (3) Contemporaneous objections give the trial court an opportunity to cure the claimed error, thereby making a major contribution to the finality of criminal litigation. (4) Compliance with a contemporaneous objection rule may cause the prosecution to reassess its request for the admission

of evidence when confronted with claims which would indicate the possibility of reversal by the state appellate courts or upon federal habeas corpus review. (5) The rule in *Fay v. Noia* could encourage "sandbagging" on the part of defense lawyers who wish to take their chances on the verdict of the initial jury, intending to raise their constitutional claims and obtain a new trial through federal habeas corpus proceedings if the initial verdict is unfavorable. *Wainwright, supra*, 433 U.S. at 88–89, 97 S.Ct. at 2507.

The merits of deferring to states' contemporaneous objection requirements were summarized by the Court as follows:

> The failure of the federal habeas courts generally to require compliance with a contemporaneous-objection rule tends to detract from the perception of the trial of a criminal case in state court as a decisive and portentous event. A defendant has been accused of a serious crime, and this is the time and place set for him to be tried by a jury of his peers and found either guilty or not guilty by that jury. To the greatest extent possible all issues which bear on this charge should be determined in this proceeding: the accused is in the courtroom, the jury is in the box, the judge is on the bench, and the witnesses, having been subpoenaed and duly sworn, await their turn to testify. Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens. Any procedural rule which encourages the result that those proceedings be as free of error as possible is thoroughly desirable, and the contemporaneous-objection rule surely falls within this classification.

*Wainwright, supra*, 433 U.S. at 90, 97 S.Ct. at 2508.

It is undisputed that petitioner's trial counsel did not object to the questions and arguments which are the subject of the instant Petition for Writ of Habeas Corpus. This Court must first determine whether Kentucky's contemporaneous objection rule precluded petitioner from raising on direct appeal the issues he now raises. If so, *Wainwright* precludes federal habeas corpus review in the absence of a showing of "cause" and "prejudice".

■ Kentucky's contemporaneous objection requirement precludes appellate review of matters which are not objected to, unless manifest injustice results. *Ferguson v. Commonwealth*, 512 S.W.2d 501 (Ky.1974); *Stone v. Commonwealth*, 456 S.W.2d 43 (Ky.1970). When the Kentucky Supreme Court reviewed petitioner's claims on direct appeal, it noted the factual distinctions between this case and *Doyle v. Ohio, supra*, and then ruled that the defendant's failure to object to the claimed error precluded its consideration on appeal. *Hockenbury v. Commonwealth*, 565 S.W.2d 448 (Ky.1978). This decision is consistent with other Kentucky decisions addressing a defendant's failure to object to similar statements and comments made by the prosecution. *Salisbury v. Commonwealth*, 556 S.W.2d 922 (Ky.App.1977); *Minor v. Commonwealth*, 478 S.W.2d 716 (Ky.1972), *cert. denied*, 409 U.S. 1064, 93 S.Ct. 563, 34 L.Ed.2d 517 (1972).[1] Kentucky's decision not to review this matter was an adequate and independent procedural state ground for denying petitioner's claim which *Wainwright* requires this Court to honor in the absence of a showing of "cause" and "prejudice".

■ The District Court in the instant case found that application of the rule of *Wainwright* did not preclude review of petitioner's claim because the comments and questions of the prosecutor amounted to "plain error". A review of the language and rationale of *Wainwright* indicates that the District Court erred in making an inde-

1. This Court subsequently granted habeas corpus relief to the defendant in *Minor*, ruling that it was not bound by the state's ruling on its contemporaneous objection requirement based on the "deliberate bypass" rule in *Fay v. Noia, supra. Minor v. Black*, 527 F.2d 1, 4–5 (6th Cir. 1975). As previously noted, the "deliberate bypass" test is no longer the proper one under the holding in *Wainwright*.

pendent assessment of "plain error" rather than deferring to the state court's application of its contemporaneous objection requirement.

In reaching its conclusion the District Court relied, in part, on *Minor v. Black, supra.* This Court's refusal in *Minor* to defer to the Kentucky court's ruling on its contemporaneous objection requirement, however, was based on an application of the "deliberate bypass" rule which has since become improper under *Wainwright.*

The District Court also relied on the "plain error" language contained in several of the post-*Wainwright* cases from this Court. In those cases, however, this Court either determined that review was not precluded under the *state's* contemporaneous objection requirement, *Berrier v. Egeler,* 583 F.2d 515 (6th Cir. 1978), *cert. denied,* 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347 (1978); *Cook v. Bordenkircher,* 602 F.2d 117 (6th Cir. 1979), or found that the "cause" and "prejudice" exception to the *Wainwright* rule had been met, *Rachel v. Bordenkircher,* 590 F.2d 200 (6th Cir. 1978). This Court has never ruled that federal habeas corpus review is proper under *Wainwright* based solely on an independent federal analysis of "plain error". The first post-*Wainwright* case in this Circuit to refer to a "plain error" analysis was *Berrier v. Egeler, supra.* In that case the Court made a proper *Wainwright* analysis of the state's contemporaneous objection requirement. *Berrier v. Egeler, supra,* 583 F.2d at 522. The Court subsequently noted, however, that the magnitude of the error would make it cognizable in a habeas proceeding as "plain error" even where no objection had been made at trial. The Court then cited a federal criminal case which applied the federal procedural rule allowing review of "plain error", even in the absence of a contemporaneous objection. This language should not be taken to mean that the application of the federal procedural rule on "plain error" can be substituted for an analysis of the state procedural rule under *Wainwright.* Such a holding would be contrary to the rule and rationale of *Wainwright* which allows the state rule to be an

adequate and independent state ground for the decision and thus requires a focus on and application of the state's procedural rule. Consequently, the District Court erred in applying an independent determination of "plain error", rather than deferring to the state court's application of its procedural rule in the absence of a showing of "cause" and "prejudice".

Most contemporaneous objection requirements, like the one in the instant case, include some provision for "manifest injustice" or "plain error". Consequently, deference to a state court's application of its procedural rule will, to some extent, make the availability of federal habeas corpus relief turn on the state's assessment of the substantiality of the constitutional claim. This result, however, does not allow the federal courts to make an independent application of the state's contemporaneous objection requirement. *Wainwright* makes it clear that the role of the federal courts in preventing manifest injustice in these cases is maintained through the application of the "cause" and "prejudice" exception to the finality of the state procedural rules, rather than an independent application of those rules.

The "cause"-and-"prejudice" exception to the *Francis* [*v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149] rule will afford an adequate guarantee, we think, that the rule will not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice.

*Wainwright, supra,* 433 U.S. at 90–91, 97 S.Ct. at 2508.

*Wainwright* compels the federal court to defer to the state court's application of its own contemporaneous objection requirement. Under *Wainwright* a District Court's only role in making an independent determination so as to prevent a miscarriage of justice is in the application of the "cause" and "prejudice" exception contained in the *Wainwright* rule.

■ Petitioner argues that *Wainwright* is not applicable in the instant case since the Kentucky courts reached the merits of petitioner's claim. Petitioner is correct in his assertion that *Wainwright* does not preclude federal review of claims in habeas corpus proceedings when, in spite of the petitioner's failure to object to the matter at trial, the state courts reach the merits of petitioner's claim instead of denying direct review of the claim on procedural grounds. *Wainwright, supra,* 433 U.S. at 87, 97 S.Ct. at 2506; *Cook v. Bordenkircher,* 602 F.2d 117, 119 (6th Cir. 1979). This ruling is consistent with the rationale of *Wainwright* since the failure to comply with a state's contemporaneous objection requirement cannot be deferred to as a separate and independent procedural ground precluding federal review if the state itself did not preclude direct review on the basis of that requirement.

In denying appellate review due to petitioner's failure to object at trial, the Kentucky Supreme Court made a cursory review of petitioner's substantive claim. The relevant portion of the Court's decision follows:

> The Commonwealth's cross-examination of Hockenbury was in part directed at his failure to give an alibi at the time of his arrest. In his closing argument the Commonwealth's Attorney bemoaned the fact that Hockenbury's alibi was first offered at trial. This court has expressed its disapproval of the use of post-arrest silence to impeach a defendant. *Niemeyer v. Commonwealth,* Ky., 533 S.W.2d 218 (1976); *Darnell v. Commonwealth,* Ky., 558 S.W.2d 590 (1977) (Lukowsky, J., dissenting); *Campbell v. Commonwealth,* Ky., 564 S.W.2d 528 (Rendered February 21, 1978). However, this case is unlike one in which a defendant stands mute at arrest and first offers an explanation or alibi at trial. It is abundantly clear from the record that Hockenbury at the time of his arrest was willing to discuss with the officers his whereabouts at the time of the robberies. Hockenbury was not silent, as he contends.

It is also clear from the record that trial counsel made no objection during the cross-examination of Hockenbury, nor did he object to the prosecutor's closing argument. This court has repeatedly held that absent proper objection, the failure to assert a claim in a trial court precludes its consideration on appeal. RCr 9.22; *Ferguson v. Commonwealth,* Ky., 512 S.W.2d 501 (1974).

*Hockenbury v. Commonwealth,* 565 S.W.2d 448, 450 (Ky.1978).

■ Since the question of whether the state court reviewed the constitutional claim on its merits or refused to review it on procedural grounds is critical to the application of the *Wainwright* rule, a difficult situation is created when the court has arguably done both. In view of the rationale of the *Wainwright* rule, however, it is clear that the central question in such an instance is whether the state court denied petitioner's claim based on an adequate and independent state procedural ground. In cases such as this where the state court has arguably given more than one reason for the denial of petitioner's claim, we hold that the federal court must determine whether the petitioner's failure to comply with the contemporaneous objection requirement was a substantial basis of the state court's denial of petitioner's claim.

■ In this case the decision of the Kentucky Supreme Court makes it clear that its denial of petitioner's claim was based, in substantial part, on petitioner's failure to comply with the state's contemporaneous objection requirement. The plain language of the second paragraph quoted above indicates that the procedural ground precluded direct review by the state courts. Further, the Court's review of the merits of petitioner's claim was cursory at best. The Court simply reviewed the impropriety of using post-arrest silence to impeach a defendant and noted the factual distinction between the instant case and the other cases on the issue already decided by that Court. The Court did not make a complete analysis on the merits of petitioner's claim, nor did it make a concrete ruling on the effect of the

**116**

factual distinction that it had noted. Instead it relied on the procedural ground in denying petitioner's claim. Finally, it is apparent that the nature of Kentucky's contemporaneous objection rule required the Court to make a cursory review of the merits of petitioner's claim. As stated, the Kentucky rule precludes appellate review of matters which are not objected to, unless manifest injustice resulted. At least some review of the merits of a defendant's claim must be made in order to determine whether to apply the procedural rule or review the merits on the basis of manifest injustice.[2] Consequently, we conclude that the Kentucky Supreme Court's denial of petitioner's claim was substantially based on the state procedural ground, despite the cursory review of the merits of petitioner's claim.

In summary, Kentucky's denial of petitioner's claim on procedural grounds, specifically his failure to object at trial, was an adequate and independent state ground and therefore precludes federal habeas corpus review in the absence of a showing of "cause" and "prejudice". The District Court erred in failing to defer the state's application of its own procedural rule and instead making an independent determination of "plain error".

Petitioner made no argument regarding "cause" and "prejudice" in his brief on appeal, apparently because of the nature of the District Court's analysis. However, petitioner did argue "cause" and "prejudice" to the District Court and, in fairness, should be given an opportunity to show "cause" and "prejudice". Although we might well be able to determine on the record before us the "prejudice" portion of the two prong *Wainwright* test, we do not have all the information which the parties may wish to present on the "cause" prong. Consequently, we remand this case for a determination of whether there is a sufficient showing of

"cause" for the petitioner's failure to object to the claimed error at trial and of actual "prejudice" to the petitioner, in accordance with the rule in *Wainwright.*

---

**2.** In the similar case of *Minor v. Commonwealth,* 478 S.W.2d 716 (Ky.1972), the Kentucky court made a short analysis of the merits of the defendant's claim and then ruled that the defendant did not make a sufficient objection to authorize appellate review. In the subsequent habeas proceedings this Court recognized that the essence of the state court's decision had been to deny review based on the defendant's failure to object at trial. *Minor v. Black,* 527 F.2d 1 (6th Cir. 1975).