**Murrell Toby HOCKENBURY, III, Petitioner–Appellee,**

v.

**Dewey SOWDERS, Superintendent, Kentucky State Penitentiary, Respondent–Appellant.**

**No. 79–3339.**

United States Court of Appeals, Sixth Circuit.

Sept. 30, 1980.

Barbara B. Edelman, Asst. Atty. Gen., Frankfort, Ky., for respondent–appellant.

Larry H. Marshall, Asst. Public Advocate, Frankfort, Ky., for petitioner–appellee.

Before WEICK, MERRITT and KENNEDY, Circuit Judges.

## ORDER

A majority of the Court having not voted in favor of an *en banc* rehearing, the petition for rehearing has been referred to the hearing panel for disposition.

Judge Keith's dissent from the denial of the rehearing *en banc* makes several assertions in support of his conclusion that the decision of the panel is incorrect. While the panel believes that the opinion in this case adequately refutes most of the assertions made in the dissent, it feels compelled to respond to one of Judge Keith's conclusions regarding the application of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In his dissent Judge Keith opines that if a state's contemporaneous objection rule, as a matter of state law, permits the state court any exception for manifest injustice or plain trial error, then *Wainwright v. Sykes, supra*, cannot bar federal review even though the state court in its interpretation of state law applied its contemporaneous objection rule. In view of the number of states with "plain error", "manifest injustice", or similar exceptions to their contemporaneous objection rules, Judge Keith's reasoning would give the *Wainwright* decision no effect whatsoever. That *Wainwright* does not permit this conclusion is best illustrated by the *Wainwright* decision itself, and the law of Florida under which it originated. In *Wainwright* the Florida courts had refused to consider the merits of the habeas petitioner's claim because of noncompliance with the state's contemporaneous objection requirement. The Supreme Court held that the petitioner's failure to timely object in accordance with the Florida rule amounted to an independent and adequate state ground for the decision. The fact that Florida has a "fundamental error" exception to its contemporaneous objection requirement, *Clark v. State*, 363 So.2d 331, 333 (Fla.1978) did not convince the Supreme Court that it should undertake an independent review of the petitioner's claims under the fundamental error standard of review which had been available to the state court. Implicit in the Supreme Court's opinion in *Wainwright* is the conclusion that a state may decide when its contemporaneous objection requirement applies. Similar deference is evident in *Ulster County Court v. Allen*, 442 U.S. 140, 147–154, 99 S.Ct. 2213, 2219–2223, 60 L.Ed.2d 777 (1979), where the Supreme Court made a painstaking attempt to determine whether New York had denied a habeas petitioner's claim based on an adequate and independent state procedural ground where the state court had been less than

explicit in their reasons for rejecting the claim. The Court's analysis centered on New York's application of their contemporaneous objection rule and its exceptions; the Court did not seek to make an independent application of the rule without regard to the way in which New York applies its own rule. If Judge Keith's analysis were correct, then the Supreme Court would have made an independent application of the states' exceptions to their contemporaneous objection rules in *Wainwright, supra,* and *Ulster County, supra.* If, as Judge Keith suggests, the fact that a state could review a claim under a plain error standard, a fundamental error standard, or a manifest injustice standard, gave federal courts the right to review a petitioner's claim regardless of petitioner's failure to object at the trial, there would be little or no deference to a state's decision on the independent procedural ground and the decision in *Wainwright* would have little or no effect. This Court is not at liberty to construe Supreme Court cases so as to render them totally without effect.

Accordingly, upon consideration of the Court, it is ORDERED that the petition for rehearing be and hereby is DENIED.

KEITH, Circuit Judge, dissenting from denial of rehearing en banc.

This case presents a constitutional violation of the state habeas petitioner's rights under *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and *Charles v. Anderson,* 610 F.2d 417 (6th Cir. 1980). The district court granted the writ of habeas corpus, and there is apparently no dispute that the petitioner's constitutional rights were violated.*

Instead of affirming the district court, the panel conducted an independent analysis under *Wainwright v. Sykes,* 433 U.S. 72,

97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and remanded the case to the district court in light of that analysis. *Hockenbury v. Sowders,* 620 F.2d 111 (6th Cir. 1980). Unfortunately, the panel's opinion is at odds with established authority in the circuit. Today, the en banc court refuses to act in the face of a clear affront to circuit precedent. I must respectfully dissent.

I

The problem in this case was that, although there was clear constitutional error in the state trial, counsel never objected to it. Thus, this case presents a threshold question whether federal habeas corpus relief is barred by the Supreme Court's decision in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This was the doctrine seized upon by the panel to deny relief to the petitioner.

The panel decision cannot be reconciled with a series of cases in this court which clearly established this circuit's view of *Wainwright: Berrier v. Egeler,* 583 F.2d 515 (6th Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347 (1978); *Rachel v. Bordenkircher,* 590 F.2d 200 (6th Cir. 1978); *Cook v. Bordenkircher,* 602 F.2d 117 (6th Cir.), *cert. denied,* 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979) and *Krzeminski v. Perini,* 614 F.2d 121 (6th Cir. 1980) (a case not cited by the panel).

Under these cases, error which is apparent on the trial record, which is of constitutional dimension, is reviewable in habeas corpus proceedings if state law allows review of such error. The leading case holding this is Judge Edward's opinion in *Berrier v. Egeler,* where this court affirmed the grant of a writ of habeas corpus despite counsel's failure to object at trial or raise the jury instruction issue in question on

---

* After this dissent was drafted, the Supreme Court decided *Jenkins v. Anderson,* —— U.S. ——, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980). *Jenkins* permitted the use of prearrest silence to impeach a defendant who chose to take the stand. Thereafter, the Court reversed our decision in *Charles v. Anderson. See Anderson v. Charles,* 447 U.S. ——, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980) (per curiam).

These two intervening Supreme Court cases, decided after the panel decision in this case, require re-analysis of the merits of this case. They may well require that the petitioner be denied relief. However, there is no question that, at the time the panel heard and decided the case, that the district court was correct in granting the writ of habeas corpus.

appeal within the state system. *Berrier* squarely relied on a "plain error" analysis—plain error which is reviewable within the state system, even if the state courts did not actually review it.

*Berrier* was followed in *Cook v. Bordenkircher* and *Rachel v. Bordenkircher* as an alternative ground for decision. Both *Cook* and *Rachel* held that habeas corpus relief is available in cases of plain trial error. These decisions were further endorsed in *Krzeminski v. Perini*, 614 F.2d at 123 n.2 which stated:

> Where there is plain error in the record which is reviewable under state law, we can review it in a habeas corpus proceeding .... The Ohio state courts review plain error in jury instructions. ... Accordingly, we can do the same.

The panel opinion in this case is completely at odds with these cases. As this court noted in *Cook v. Bordenkircher, supra,* at 119, plain trial error is reviewable in Kentucky, even absent an objection. We are thus not precluded from reviewing it in a habeas corpus proceeding. The statement in the panel opinion that "[t]his court has never ruled that federal habeas corpus review is proper under *Wainwright* based solely on an independent federal analysis of plain error" (620 F.2d at 114) is simply not true.[1]

## II

*Wainwright* is based on "considerations of comity and concerns for the orderly administration of criminal justice." *Id.* 433 U.S. at 84, 97 S.Ct. at 2505, citing *Francis v. Henderson*, 425 U.S. 536, 538–39, 96 S.Ct. 1708, 1709–1710, 48 L.Ed.2d 149 (1976). In *Wainwright* itself, the state courts had consistently refused to review the claim which

was at issue there absent a contemporaneous objection at trial. "But if neither the state legislature nor the state courts indicate that a federal constitutional claim is barred by some state procedural rule, a federal court implies no disrespect for the State by entertaining the claim." *County Court v. Allen*, 99 S.Ct. at 2223. See *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975); *Quigg v. Crist*, 616 F.2d 1107 (9th Cir. 1980); *Moran v. Estelle*, 607 F.2d 1140, 1141–43 (5th Cir. 1979); *Canary v. Bland*, 583 F.2d 887, 889–90 (6th Cir. 1978); *Cannon v. Alabama*, 558 F.2d 1211, 1216 n.12 (5th Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).

*Cook v. Bordenkircher, supra,* makes it clear that Kentucky courts can review plain trial error to avoid manifest injustice. The panel agreed that this is true: "Kentucky's contemporaneous objection requirement precludes appellate review of matters which are not objected to, unless manifest injustice results." (620 F.2d at 113). In fact the panel states, correctly, that "the nature of Kentucky's contemporaneous objection rule required the court to make a cursory review of the merits of petitioner's claim." It is precisely because this is true that *Wainwright v. Sykes* does not apply. For the reasons outlined above, if the state contemporaneous objection rule, as a matter of state law, does not apply in cases of manifest injustice or plain trial error, then *Wainwright v. Sykes* cannot bar federal review. This is exactly what *Berrier v. Egeler, Rachel v. Bordenkircher, Cook v. Bordenkircher,* and *Krzeminski v. Perini* held.

*Cook v. Bordenkircher, supra,* followed *Miller v. State of North Carolina*, 583 F.2d

---

1. The panel stated: Most contemporaneous objection requirements, like the one in the instant case, include some provision for "manifest injustice" or "plain error." Consequently, deference to a state court's application of its procedural rule will, to some extent, make the availability of federal habeas corpus relief on the state's assessment of the substantiality of the constitutional claim. This result, however, does not allow the federal courts to make an independent application of the state's contemporaneous objection requirement. *Wainwright* makes it clear that the role of the federal courts in preventing manifest injustice in these cases is maintained through the application of the "cause" and "prejudice" exception to the finality of the state procedural rules, rather than an independent application of those rules. 620 F.2d at 114.

This statement by the panel is completely at odds with the above analysis and authority.

701 (4th Cir. 1978). *Miller* is indistinguishable from this case. The North Carolina Supreme Court had affirmed a conviction on direct appeal where no objection to an egregious prosecutorial closing argument had been made at trial. North Carolina law, like Kentucky law, allowed limited review of unobjected–to trial error. The North Carolina court assigned the same alternative grounds for its decision as are present here: 1) no reversible error, and 2) no objection was made below. The Fourth Circuit properly concluded that federal review was not barred.

### III

In this case, there is no question that the Kentucky Supreme Court addressed the merits of the constitutional issue. *See Hockenbury v. Commonwealth*, 565 S.W.2d 448, 450 (Ky.1978), reprinted in the panel opinion, 620 F.2d at 115. The Kentucky court also mentioned in its opinion that the petitioner did not object at trial and that this would preclude review as well. However, it *is* clear that this holding was an *alternative* basis for relief. ("It is *also* clear from the record that trial counsel made no objection . . . .")

The panel seizes upon this latter statement by the Kentucky court to avoid affirming the district court. It seems obvious to me, as it was to Judge Johnstone below, that the Kentucky court reviewed the merits. As the panel openly states, Kentucky law requires that the Kentucky courts review trial error under a manifest injustice standard. How, then, can the panel rationalize its result?

The panel states that "the federal court must determine whether the petitioner's failure to comply with the contemporaneous

objection requirement was a substantial basis of the state court's denial of petitioner's claim." 620 F.2d at 115. The panel goes on to conclude that the state court's review of the merits was "cursory", and not "complete" or "concrete". *Id.*

The panel's standard is untenable in the face of Kentucky law which allows review of plain error. The Kentucky court simply did not regard the prosecutor's argument as error, and noted in any event that no objection was made. The panel's statement that "[a]t least some review of the merits of a defendant's claims must be made in order to determine whether to apply the procedural rule or review the merits on the basis of manifest injustice" is intellectually dishonest. Kentucky law *requires* review of plain error.[2] Further, if a Kentucky court wishes to woodenly apply a contemporaneous objection rule, in disregard of Kentucky law, then it can do so directly. We should not assume that the Kentucky courts fail to follow their own law. Nor should we assume that if a Kentucky court fails to follow Kentucky's manifest injustice rule, R.Cr. 9.26, the court is obligated to make a cursory review of the merits anyway. The panel stretches to find that the Kentucky Supreme Court did not "substantially" review the merits. I think it clear that it did, and that Kentucky law required the court to do so. The Kentucky courts are quite capable of clarifying any ambiguities in their law or decisions.[3] I would not construe ambiguity, if any, to bar federal habeas corpus relief.

### IV

*Wainwright v. Sykes'* issues recur constantly in the federal courts. The panel opinion creates an intra–circuit conflict on

---

**2.** In fact, there is no Kentucky rule of criminal procedure which requires that a trial error be objected to. On the contrary, Kentucky R.Cr. 9.26 states that:

A conviction *shall* be set aside on motion in the trial court, or the judgment reversed on appeal, for any error when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced. (emphasis added)

**3.** Although I think that no ambiguity exists in this case, in at least three cases, the Kentucky Supreme Court has absolutely refused to review *Doyle v. Ohio* violations which took place at trial because of failure to object. *Gunter v. Commonwealth*, 576 S.W.2d 518 (1979); *Lynem v. Commonwealth*, 565 S.W.2d 141 (1978); *Summit v. Commonwealth*, 550 S.W.2d 548 (1977). In contrast, in this case the Kentucky Supreme Court did review the merits.

an issue which is present in habeas case after habeas case.

The instant case is a particularly egregious example of the en banc court's failure to control an aberrant panel decision. Judge Johnstone faithfully applied circuit precedent in this case. The district judges of the circuit now have irreconcilable precedents on an issue which they must deal with every day. The panel decision reflects utter disregard for circuit precedent. I cannot remain silent in the face of this court's refusal to grant an en banc.[4]

NATHANIEL R. JONES, Circuit Judge, dissenting from denial of rehearing.

Because the panel's opinion in Hockenbury v. Sowders, 620 F.2d 111 (6th Cir. 1980) conflicts with several prior decisions of this Court, I heartily join in Parts I, II and III of my Brother Keith's dissenting opinion. I write separately only to express my chagrin that the full court has failed to review en banc the panel's treatment of exceptionally important issues of the construction of 28 U.S.C. § 2254.

The opinion in Hockenbury distinguishes this Court's decisions in Berrier v. Egeler, 583 F.2d 515 (6th Cir.), cert. denied, 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347 (1978),

Rachel v. Bordenkircher, 590 F.2d 200 (6th Cir. 1978), and Cook v. Bordenkircher, 602 F.2d 117 (6th Cir.), cert. denied, 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979), but the distinctions, as Judge Keith has carefully explained, are illusory. The rule in this Circuit before Hockenbury was that a federal court could make an independent determination of the substantiality of federal constitutional questions raised in habeas corpus petitions where the state contemporaneous objection rule contained an exception in the case of manifest injustice. The decision in Cook v. Bordenkircher, 602 F.2d at 119 plainly establishes this rule by its reference to Miller v. North Carolina, 583 F.2d 701, 705–06 (4th Cir. 1978). This case raises two exceptionally important questions with respect to the construction of 28 U.S.C. § 2254:

1) If the state contemporaneous objection rule provides an exception in the case of "manifest injustice" or "plain error," may the federal court in reviewing a petition for habeas corpus make its own determination of the substantiality of the federal constitutional question raised in the petition?

2) If the state court addresses a federal constitutional question on the merits

---

**4.** The author of the panel opinion interprets my dissent incorrectly. I do not and never have asserted that "Wainwright v. Sykes, supra cannot bar federal review even though the state court in its interpretation of state law applied its contemporaneous objection rule." If a state court refuses to review error at all because of failure to object, then we are barred from review. This is what happened in Wainwright, where the Florida courts had consistently interpreted and applied Florida Rule Crim.Proc. 3.190(i) as barring any review of the merits of a motion to suppress unless the motion was made before trial. See Wainwright, supra [433 U.S.] at 85–86 [97 S.Ct. at 2505–2506]. In Wainwright, the Florida courts apparently refused to apply Florida's "fundamental error" rule which arguably could have applied to allow review of the claimed error.

In this case, however, Kentucky courts did not refuse to examine the merits of the error which was plainly in the record before them. Indeed, Kentucky law requires review of plain error. The panel's statement that the Kentucky Supreme Court's review in this case was "cursory" is an admission that review did, in

fact, take place. The panel's refusal to allow federal habeas review is an unwarranted extension of Wainwright v. Sykes.

The author of the panel decision manufactures a theory which is not in my dissent. I do not advocate that a federal court "independently" apply a state contemporaneous objection rule in the sense that the author of the panel opinion means. On the contrary, I advocate that we apply the rule as the state courts apply it. In this case, the Kentucky Supreme Court did not apply its contemporaneous objection requirement to bar review. Had the Kentucky court clearly done so, I would not have dissented. What I find objectionable is the panel's straining to bar federal review because the state court was "cursory" and not "substantial" in its review.

There is no question that the panel decision is in error. The reason why this case merits en banc treatment, however, is that the panel has cavalierly refused to follow four recent Sixth Circuit cases which control the question. I note that Chief Judge Edwards and Judges Celebrezze and Jones voted in favor of en banc along with me.

and also indicates that an alternative ground for denying the criminal defendant's appeal is the application of the contemporaneous objection rule, may a federal court review that federal constitutional question in a habeas corpus petition?

*Hockenbury* provides a negative answer to both questions.

The Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), did not answer either question. In *Wainwright*, the Florida procedural rule stood as an absolute bar to review by the state appellate courts of the issues raised. Justice White, concurring, believed that the majority opinion did not affect a "plain error" rule. 433 U.S. at 99, 97 S.Ct. at 2512. *Wainwright* does suggest the factors which this Court should consider, such as achieving comity in the relations between the federal and state courts. 433 U.S. at 88, 97 S.Ct. at 2507. The substance and strength of these factors, addressed in the context of Kentucky's contemporaneous objection rule, which allows an exception for "manifest injustice," may differ significantly from the Supreme Court's evaluation of the Florida rule in *Wainwright*.

I am mindful of the concerns often expressed by my more senior colleagues about *en banc* hearings. Yet, I am convinced that such displeasure must not outweigh the fundamental need to resolve a clear conflict. Neither should it be a reason for perpetuating a potential narrowing of the channel through which aggrieved parties must pass to obtain relief for intrusions on their federal constitutional rights. In my view, the questions have great importance and require further study and resolution by this Court.