**James Perry POTTER**

v.

**Herman C. DAVIS, Attorney General-State of Tennessee.**

**No. Civ. 3–81–284.**

United States District Court, E. D. Tennessee, N. D.

July 29, 1981.

James Perry Potter, pro se.

John C. Zimmermann, Asst. Atty. Gen., Nashville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

James Perry Potter filed this petition for a writ of habeas corpus in which he raises eleven grounds. These are: (1) denial of right to counsel at pre-trial line-up; (2) denial of right to counsel following arrest; (3) admission of a confession obtained through coercion; (4) denial of effective assistance of counsel at trial because of counsel's lack of preparation; (5) denial of effective assistance of counsel because of counsel's conflict of interest; (6) denial of right to trial by an impartial jury; (7) that he was incompetent to stand trial; (8) admission of an unsigned confession; (9) that his original appeal was wrongfully dismissed on October 9, 1973; (10) that the trial judge was biased against him; and, (11) that he was unconstitutionally denied jail credit for time spent in North Carolina. The State of Tennessee, through the Attorney General, has answered the petition and filed the following documents with the Court: an extract from petitioner's trial regarding the admission of his confession; a transcript of petitioner's post-conviction proceedings; opinions of the Tennessee Court of Criminal Appeals filed October 9, 1973 and January 26, 1981; various pleadings relating to petitioner's post-conviction proceedings; pleadings filed in Tennessee appellate courts; and relevant orders of Tennessee's appellate courts.

The record shows that on November 14, 1972 petitioner was convicted of armed robbery in the Grundy County Circuit Court and received a sentence of fifteen years. Thereafter he escaped from custody of the Tennessee Department of Correction but was subsequently arrested in North Carolina. On April 3, 1973 petitioner was convicted in North Carolina of armed robbery and sentenced to a prison term. On October 9, 1973 his appeal was dismissed by the Tennessee Court of Criminal Appeals because he was a fugitive from justice and thus had waived his appeal. On April 29, 1978 petitioner was paroled by the North Carolina authorities, who then returned him to Tennessee. On March 10, 1980 a post-conviction relief hearing was held and relief was denied. On January 26, 1981 the Tennessee Court of Criminal Appeals affirmed the dismissal of petitioner's state petitions for post-conviction relief. The Supreme Court of Tennessee denied permission to appeal on April 6, 1981.

The State contends that this Court is precluded from considering claims 1, 2, 3, 6, 7, 8 and 10 because petitioner deliberately bypassed available state court procedures by escaping during the pendency of his appeal. The Fifth Circuit Court of Appeals and Judge L. Clure Morton of the Middle District of Tennessee have held that an escape during the appeal process constitutes a deliberate bypass of state procedures and is an inexcusable procedural default, thus barring federal habeas corpus review. *Strickland v. Hopper*, 571 F.2d 275 (5th Cir. 1978), *cert. denied*, 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141; *Wilson v. Rose*, No. 81–3046 (M.D.Tenn. June 23, 1981). In the present case the Tennessee Court of Criminal Appeals dismissed petitioner's direct appeal on October 9, 1973 because of his escape. Upon post-conviction review the court again held on January 26, 1981 that petitioner's direct appeal was properly dis-

missed. In that opinion the court went on to consider some, but not all, of petitioner's grounds. The decision of the court makes it clear that petitioner's procedural default, i. e: his escape, barred review of his claims. The comments by the court concerning some of the grounds raised by the petitioner thus do not allow this Court to make an independent review of petitioner's claims. *Hockenbury v. Sowders,* 620 F.2d 111, 115 (6th Cir. 1980), *rehearing denied,* 633 F.2d 443. Based on the foregoing, this Court concludes that petitioner deliberately bypassed state remedies and engaged in an inexcusable procedural default, the effects of which are to preclude habeas corpus review of grounds 1, 2, 3, 6, 7, 8 and 10.

 The State also argues that claims 1, 3 and 8 should not be considered because petitioner failed to include these in a motion for new trial and that claims 1, 2, 6 and 10 should not be considered because of petitioner's failure to make a contemporaneous objection at his trial. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The record supports these contentions and affords an additional bar to this Court's consideration of grounds 1, 2, 3, 6, 8 and 10.

Grounds 4 and 5 relate to the competency of petitioner's counsel. This issue was explored in petitioner's post-conviction hearing and the trial judge found that petitioner's counsel was competent and that there was no conflict of interest. These findings were affirmed by the appellate court. It appears from the record that petitioner received a full and fair hearing in the state post-conviction proceeding and that the factual determinations by the state trial and appellate courts are supported by the record. We must, therefore, accept them as correct. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254. It also appears that petitioner's counsel met the standard set forth in *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974). Therefore, we conclude that grounds 4 and 5 do not entitle petitioner to the relief requested.

Petitioner complains in ground 9 that his direct appeal was wrongfully dismissed in 1973. It is the rule in Tennessee that an escape from custody while an appeal is pending is a waiver of the right to appeal. *Bradford v. State,* 184 Tenn. 694, 202 S.W.2d 647 (1947). This is also the rule in the Supreme Court of the United States, *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). A similar Texas rule was approved in *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Therefore, the dismissal of petitioner's appeal was proper under both state and federal law.

Petitioner's last ground is that he was denied jail credit for time spent in North Carolina. The record indicates that petitioner served a sentence in North Carolina on account of a conviction in that state. We know of no authority which entitles petitioner to have this time used as a credit on the sentence which petitioner is now serving in Tennessee based on a conviction in Tennessee. We, therefore, hold that this ground lacks merit.

For the reasons indicated, it is ORDERED that the petition for a writ of habeas corpus be, and the same hereby is, denied.

Order Accordingly.