772 F.2d 905
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES E. CORBETT, PETITIONER-APPELLANT,
v.
BARRY MINTZES, RESPONDENT-APPELLEE.
 NO. 84-1021
 United States Court of Appeals, Sixth Circuit.
 8/7/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: LIVELY, MERRITT and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Corbett appeals the district court's order denying his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 On October 5, 1976, Robert Goettsche visited Corbett to retrieve a shotgun which Goettsche had left at Corbett's home. During the visit, an argument arose concerning the relationship between Corbett's sister and Goettsche. Corbett testified that he threatened Goettsche, whereupon Goettsche 'pulled a gun.' The two struggled over the gun, and it allegedly fired twice during the scuffle. According to Corbett, he eventually obtained possession of the gun but Goettsche grabbed his shotgun which was lying near by. Corbett then shot Goettsche three times.
 
 
 3
 Corbett was arrested on October 9, 1976 on the basis of statements his sister, Cathy Harris, had made to the police. Harris had stated that she was told by Corbett's girlfriend that Corbett had killed Goettsche. Also, Harris told the police that she had recognized items which Corbett had given his girlfriend as belonging to Goettsche. The day after his arrest Corbett made a written, signed statement regarding the shooting and the subsequent events. In the statement, Corbett described the meeting and stated 'the next thing I knew he was dead.'
 
 
 4
 Corbett's sole defense at trial was that he had shot Goettsche in self-defense. Corbett testified on his own behalf, and refuted the prior statement he had made, claiming that he had lied. He did not contend that it was an involuntary statement.
 
 
 5
 On closing argument, the prosecutor referred to Corbett as 'just plain mean,' 'vindictive' and 'cold-blooded' with a 'personal interest' in the matter. The prosecutor also stated that Corbett had used the 'difficult that his sister had with Goettsche as an excuse.' None of the statements were objected to by defense counsel.
 
 
 6
 Corbett was convicted of second degree murder by the Circuit Court of Wayne County, Michigan. He was sentenced to life in prison. The conviction was subsequently affirmed by the Michigan Court of Appeals, and a delayed application for leave to appeal was filed with the Michigan Supreme Court. The application was denied, as was a later motion for reconsideration.
 
 
 7
 Corbett then filed a petition for habeas relief in the District Court for the Eastern District of Michigan. The petition was based on three grounds. Corbett argued that the prosecuting attorney made improper statements before the jury, that various instructions given by the trial court were improper, and that his counsel was ineffective in numerous respects. The district court rejected all of Corbett's arguments and denied the petition.
 
 
 8
 In this appeal, Corbett first argues that habeas relief is required because the prosecutorial comments constituted misconduct. Even though the comments were not objected to at trial, Corbett is not barred by procedural default from raising this claim. The default was not a 'substantial basis' of the state court's decisions which rejected this claim. Hockenbury v. Sowders, 620 F.2d 111 (6th Cir. 1980). The state court instead examined the merits of this claim and concluded that the statements were not constitutional error.
 
 
 9
 We agree that the prosecutorial comments were not constitutional error. Habeas relief based on prosecutorial misconduct is proper only when the statements are 'so egregious as to render the trial fundamentally unfair.' Angel v. Overberg, 682 F.2d 605, 608 (6th Cir. 1982) (en banc); see also Donnelly v. DeCristoforo, 416 U.S. 639 (1974). The statements that Corbett was a mean, vindictive, col -blooded person and that he was looking for an excuse to attack Goettsche while possibly improper were not so egregious to constitute a deprivation of Corbett's right to due process. We therefore find that the comments do not warrant habeas relief.
 
 
 10
 Corbett also challenges various court instructions as being improper. He first claims that the trial court erred when it instructed the jury that Corbett's signed statement was made 'voluntarily.' On direct appeal, the government admitted that the comments regarding voluntariness were extraneous instructions violative of state law, but claimed that the error was harmless. The state courts agreed and found the instructions to be harmless error.
 
 
 11
 We also find the instruction was harmless under the guidelines of Henderson v. Kibbe, 431 U.S. 145 (1977). Corbett had admitted at trial that the statement was voluntary; his claim was only that it was untrue. Therefore, voluntariness was not an issue and the court's comment did not 'so infect the entire trial that the resulting conviction violate[d] due process.' 431 U.S. at 154.
 
 
 12
 Secondly, Corbett claims that the trial court incorrectly instructed the jury on the use of circumstantial evidence. He argues that when circumstantial evidence is used, a court must instruct that the prosecution is required to negate all theories consistent with innocence. The trial court did not so instruct the jury at Corbett's trial. This claim is without merit[1] since this Court expressly rejected Corbett's view in United States v. Stone, 748 F.2d 361 (6th Cir. 1984). The instruction given by the trial court was sufficient under Stone and we therefore find that the instruction was not error.
 
 
 13
 Corbett also asserts that the trial court erroneously failed to instruct the jury on the lesser offense of involuntary manslaughter. The district court examined this issue under the 'cause and prejudice' standard of Wainwright v. Sykes, 433 U.S. 72 (1977), because Corbett had failed to satisfy Michigan's contemporaneous objection requirement.[2] Even assuming, arguendo, that the cause and prejudice standard of Wainwright v. Sykes should not have been applied by the district court, the merits of Corbett's claim do not warrant habeas relief. Corbett testified that he had deliberately shot Goettsche, and his sole defense was self-defense, which assumes that the act was intended, although justified. No evidence was presented at trial that Corbett negligently or unintentionally shot Goettsche. Under Michigan law, involuntary manslaughter is an unintentional killing of another without malice, by an unlawful act which does not amount to a felony nor naturally tend to cause death or great bodily harm, or by a negligent lawful act. People v. O'Leary, 148 N.W.2d 516, 6 Mich. App. 115 (1967); see also, Metropolitan Life Ins. Co. v. McDavid, 39 F. Supp. 228 (E.D. Mich. 1941) (involuntary manslaughter involves an unintentional killing resulting from an unlawful act not amounting to a felony or from gross negligence). Neither malice nor intent are elements of involuntary manslaughter. Since Corbett's own testimony indicates that his offense was not covered by involuntary manslaughter, the trial court was correct in not instructing the jury on this offense.
 
 
 14
 Corbett's last arguments concerning court instructions are that the trial court improperly shifted the burden of proving self-defense to the defense and erroneously instructed on the presumption of innocence. We find that the trial court gave appropriate instructions in both instances. The court expressly instructed that Corbett was not required to prove that he acted in self-defense, but that the burden of proving that Corbett did not act in self-defense was on the prosecution. As for the presumption of innocence, the court correctly stated that Corbett was presumed to be innocent, and that he jurors must begin their deliberations with that presumption foremost in their minds. The additional comment that the presumption was not a shield for the guilty was not sufficient to render the instruction unconstitutionally improper. See Kibbe, 431 U.S. at 154 (the question when determining the constitutionality of an instruction is not merely whether it is 'undesirable, erroneous, or even 'universally condemned," but whether the ailing instruction infects the entire trial).
 
 
 15
 Corbett's last asserted ground for habeas relief is that he was denied effective assistance of counsel. He argues that his counsel failed to challenge the legality of his arrest and the signed statement which resulted therefrom, and that counsel failed to object to various prosecutorial statements. The district court addressed Corbett's claims and found that he was not deprived of effective assistance of counsel. We agree that Corbett's arguments do not present sufficient grounds for habeas relief. Strickland v. Washington, 104 S. Ct. 2052 (1984), provides that in order for a claim of ineffective assistance of counsel to be successful it must contain two components. First, the defendant must prove that the counsel's performance was defective, by showing that counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.' Strickland, 104 S. Ct. at 2064. Second, a defendant must show prejudice, that the errors 'were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' Id.
 
 
 16
 We hold that counsel's failure to object to the admissibility of Corbett's statement as a fruit of an illegal arrest is not an error 'so serious' that it deprived Corbett of a fair trial. The arrest was based on Harris' testimony. Her statements created sufficient probable cause to support Corbett's arrest. Illinois v. Gates, 462 U.S. 213 (1982) (under the totality of the circumstances, informant's tip was sufficient basis to support finding of probable cause). Since there was probable cause, there would have been no ground for an objection and failure to object when no ground exists is not defective performance under Strickland.
 
 
 17
 Counsel's failure to object to the prosecutorial comments also does not constitute ineffective assistance of counsel under Strickland. We have already stated that the comments were not constitutional error. Given this conclusion, counsel was not deficient in failing to object to the comments. That is, the failure to object did not deprive Corbett of a fair trial.
 
 
 18
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Even though Corbett did not contemporaneously object to this instruction at trial, he is not barred by procedural default from raising the issue. The state courts addressed the merits of this issue, and ignored the possibility of procedural default
 
 
 [2]
 We do not express an opinion whether the district court was correct in doing so. The threshold question that must be determined before Wainwright v. Sykes applies is whether the state refused to hear the merits due to the procedural default. The state appellate court below did not address the issue of procedural default, nor did it discuss the merits of this claim. Accordingly, Raper v. Mintzes, 706 F.2d 161 (6th Cir. 1983), indicates that we must look to the state's briefs before the state court to determine if the state argued procedural default. If the state did not raise the issue of Corbett's failure to object in its briefs, then Wainwright v. Sykes does not apply and the district court should have examined this issue on its merits. The state appellate court briefs are not in the record on this appeal, so this inquiry is not made