PEOPLE v ULMER

PEOPLE v SHEPARD

1. APPEAL AND ERROR—PER CURIAM OPINIONS—REVERSAL OF PRIOR
   OPINIONS—TRANSCRIPTS—MISLEADING EVIDENCE—REMAND AND
   REHEARING.

   An unpublished per curiam opinion under which defendants'
   convictions were reversed on the basis of improper communica-
   tion by the trial judge with the jury during its deliberations
   should be vacated where defense counsel and the Court of
   Appeals were misled by inadequacies and inaccuracies in the
   trial transcript and where a review of the trial court's eviden-
   tiary hearing, following an order of remand, precludes a finding
   that there was any such improper communication.

2. HOMICIDE—FELONY MURDER—ACCIDENTAL SHOOTING—EVIDENCE—
   INTENT AND MALICE—JURY QUESTION.

   Denial of a motion to dismiss a felony murder charge submitted
   on the grounds that the evidence showed no intent to murder
   due to an accidental shooting and, therefore, the evidence of
   murder was insufficient as a matter of law to warrant submis-
   sion to the jury on that charge is not reversible error where the
   shooting which caused the death occurred during a robbery,
   which creates a fact question on intent and malice for jury
   determination.

3. HOMICIDE—FELONY MURDER—INCLUDED OFFENSES—INSTRUCTIONS
   TO JURY.

   A charge of felony murder includes lesser offenses on which a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 1001.
[2] 40 Am Jur 2d, Homicide § 472.
[3] 40 Am Jur 2d, Homicide § 535.
[4] 40 Am Jur 2d, Homicide § 72.
[5] 75 Am Jur 2d, Trial §§ 980–982.
   Juror's reading of newspaper account of trial in criminal case
   during its progress as ground for mistrial, new trial, or reversal.
   31 ALR2d 417.
[6] 75 Am Jur 2d, Trial §§ 876–882.
[7] 75 Am Jur 2d, Trial §§ 690, 723, 724, 818–820, 866.
[8] 75 Am Jur 2d, Trial § 346.

jury may return a·verdict and a trial judge must instruct the jury on those lesser offenses.

4. HOMICIDE—FELONY MURDER—PRIMA FACIE CASE—STATUTES.

A prima facie case of felony murder is shown where a homicide attributable to a defendant is committed during the perpetration of a felony specified in the statute (MCLA 750.316; MSA 28.548).

5. CRIMINAL LAW—FAIR TRIAL—PROSECUTOR'S IMPROPER ARGUMENT—JUROR MISBEHAVIOR—INSTRUCTIONS TO JURY—CURE OF PREJUDICE.

Defendants were not denied a fair trial because of opening remarks of a prosecuting attorney and by the fact that four jurors admitted reading a newspaper article contrary to the judge's instruction where an instruction during the trial would have cured any prejudice from the remarks, and where there was no showing of prejudice with respect to the newspaper article.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—ERROR.

Acceding to defendants' request that no instruction be given on lesser criminal offenses is not error.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO REQUEST—FAILURE TO OBJECT—APPEAL AND ERROR.

A trial court is not required to give an instruction on accomplice testimony where no instruction is requested and where there is no objection to the instructions as given.

8. WITNESSES—CRIMINAL LAW—EVIDENCE—RECEPTION OF TESTIMONY—PROBATIVE VALUE.

Testimony concerning a confrontation between a witness and a defendant as to the witness's accusation of defendant's guilt was not erroneously received where it had some probative value.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted March 8, 1977, at Lansing. (Docket Nos. 19184, 19185, 19186.) Decided September 20, 1977.

John Ulmer and Chester Shepard were convicted of first-degree murder. Defendants appealed.

Reversed in an unpublished per curiam opinion. The prosecution moved for rehearing in the Court of Appeals and for remand to the circuit court for further proceedings. Motion for remand granted. Rehearing granted, and judgment of reversal vacated. Convictions affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Assistant Prosecuting Attorney, Chief, Appellate Division, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant on appeal.

Before: QUINN, P. J., and BRONSON and M. J. KELLY, JJ.

## AMENDED OPINION

QUINN, P. J. Defendants were convicted by a jury October 16, 1974, of felony murder, MCLA 750.316; MSA 28.548. On appeal, these convictions were reversed by an unpublished per curiam opinion on the basis of improper communication by the trial judge with the jury. The trial transcript appeared to support this finding.

Thereafter, the people moved for a rehearing and for a remand to the trial court for an evidentiary hearing on what transpired between the trial judge and jury during its deliberations. By order dated May 10, 1977, we granted the remand and held in abeyance decision on the motion for rehearing.

The evidentiary hearing has been had and we have reviewed the transcript thereof. This review

establishes the inadequacy and inaccuracy of the trial transcript on the question of communication between the trial judge and jury during its deliberations. Defense counsel and this Court were misled by the trial transcript. Review of the evidentiary hearing transcript also precludes a finding by this Court that there was any improper communication between the trial judge and jury during its deliberations. Rehearing is granted and our prior opinion reversing these convictions is vacated. We now consider the remaining issues raised on appeal that have been preserved for review. Of the remaining twelve issues, only five have been preserved and since no miscarriage of justice has been shown, the remaining seven issues do not require discussion.

Defendants assert that it was reversible error to deny their motion to dismiss the felony murder charge because the evidence of murder was insufficient as a matter of law to warrant submission of the case to the jury on that charge. It is defendants' position that the evidence showed no intent to murder or malice but rather an accidental shooting. They ignore the fact that the shooting which caused the death occurred during a robbery which creates a fact question on intent and malice for jury determination, *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976). We do not read *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975), as holding otherwise. We read it as holding that a charge of felony murder includes lesser offenses on which a jury may return a verdict, and a trial judge must instruct the jury on those lesser offenses, and a prima facie case of felony murder is shown where a homicide attributable to a defendant is committed during the perpetration of a felony specified in the statute. Denial of defendants' motion to dismiss was not error.

Defendants claim they were denied a fair trial because of opening remarks of the prosecuting attorney and by the fact that four jurors admitted reading a newspaper article contrary to the judge's instructions. The remarks and article referred to defendant Shepard as a "hit man". An instruction would have cured any prejudice arising from the prosecuting attorney's remarks and none was requested. No showing of prejudice has been made with respect to the newspaper article. Defendants were not denied a fair trial.

Defendants requested that no instruction on lesser included offenses be given. It was not error to accede to this request.

As to the instruction on accomplice testimony, defendants requested none nor did they object to the instruction given. We find no error.

The testimony concerning a confrontation between a witness and a defendant as to the witness's accusation of defendant's guilt was not erroneously received. It had some probative value.

The record does not support a finding that defendants were denied a fair trial because of misconduct of the prosecuting attorney and a police officer nor that defendants' counsel made serious mistakes requiring a new trial.

Affirmed.