925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester SHEPARD, Petitioner-Appellant,
v.
Denise QUARLES, Respondent-Appellee.
 No. 90-1662.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Chester Shepard, a pro se Michigan prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Shepard in 1973 of first-degree felony murder. He was sentenced to mandatory life imprisonment. Shepard's conviction was affirmed on direct appeal. See People v. Ulmer, Shepard, 78 Mich.App. 319 (1977); People v. Shepard, 411 Mich. 949 (1981). Shepard subsequently filed a petition for a writ of habeas corpus in federal district court, raising nineteen issues. The district court denied the writ and this court affirmed that denial in Shepard v. Foltz, 771 F.2d 962 (6th Cir.1985).
 
 
 3
 On January 13, 1987, Shepard submitted a delayed application for leave to appeal with the Michigan Court of Appeals, presenting the four issues raised in his present habeas petition. The application was denied for lack of merit in the grounds presented. The Michigan Supreme Court also denied Shepard's delayed application for leave to appeal, in which the same four issues were presented.
 
 
 4
 The four issues raised in Shepard's present petition are: (1) trial court interference with jury deliberations; (2) ineffective assistance of appellate counsel; (3) abuse of discretion in the court's denial of a continuance to subpoena witnesses at the post-conviction hearing; and (4) denial of due process and equal protection because of "undue delay" and "sluggishness of the Michigan appellate system." The district court found all four claims to be meritless and denied the writ.
 
 
 5
 On appeal, Shepard continues to argue the merits of his claims and requests the appointment of counsel in his brief.
 
 
 6
 Upon review, we shall affirm the district court's order because Shepard has failed to show that he was denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 470 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Accordingly, the request for counsel is denied and the district court's order is hereby affirmed for the reasons stated by the district court in its memorandum opinion and order filed May 29, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.