**Eugene RICE, Petitioner-Appellee,**

**v.**

**Ronald C. MARSHALL,**
**Respondent-Appellant.**

**No. 86–3408.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 30, 1987.

Decided April 24, 1987.

Cordelia A. Glenn, Asst. Atty. Gen., Columbus, Ohio, Beverly Yale (argued), for respondent-appellant.

Michael G. Dane (argued), Cleveland, Ohio, for petitioner-appellee.

Before LIVELY, Chief Judge, and JONES and GUY, Circuit Judges.

LIVELY, Chief Judge.

This habeas corpus action concerns a claim of ineffective assistance of counsel on the part of an attorney who overlooked the collateral estoppel rule enunciated by the Supreme Court in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). After conducting an evidentiary hearing the magistrate filed a report in which he recommended granting the writ. The district court adopted the magistrate's recommendation and declared the petitioner's conviction void, while acknowledging the right of the state to retry him within a reasonable time. Since the petitioner had served more than four years in prison as a result of this conviction the district court ordered his immediate release. The state has appealed.

## I.

### A.

Eugene Rice was indicted by a grand jury of Summit County, Ohio on March 11, 1982. The indictment contained three charges, all growing out of an incident that occurred on February 24, 1982. Rice was charged with rape (Count 1), kidnapping (Count 2), and having a weapon while under disability (Count 3). Rice pled not guilty and went to trial with retained counsel on May 17, 1982. At the conclusion of the trial the jury found Rice not guilty of Count 3, the weapon charge, but it failed to reach a verdict on the other two counts. The state trial court declared a mistrial, and at the prosecution's request, set the case for retrial on the two charges that had resulted in a hung jury.

Rice was unable to pay his attorney for a second trial and the trial court relieved the retained attorney and appointed a member of the local bar to defend Rice. The court made this appointment on June 16, 1982 and scheduled the second trial for July 26. At the conclusion of the second trial the jury found Rice guilty of rape and kidnapping, and he was sentenced to consecutive, lengthy prison terms.

### B.

At the first trial Rice admitted a prior felony conviction for aggravated robbery which created a disability that made it illegal for him to possess a weapon. Ohio Revised Code (ORC) § 2923.13(A)(2). The evidence concerning the charges of kidnapping and rape was similar at the two trials. The complaining witness, who was 19 years old, testified that late in the afternoon of February 24 she was walking along a street in Akron, on her way to a store. She said that Rice pulled alongside her in a car, pointed a gun at her and told her to get into the car or he would kill her. She described the gun as a black revolver with a long barrel. The witness testified that she entered the car and that Rice drove to a vacant lot behind a church where he threatened to kill her if she did not have intercourse with him. She testified that he held the gun in his hand while he was driving and was still holding it when he told her to remove her clothes. The witness testified that Rice told her he had killed a lot of people "in the war" and that it would not bother him to kill her. She said she struggled to avoid being raped, and tried to get out of the car, but that the knob on the inside lock on the passenger side had been removed. The witness stated that Rice never struck her, but did hold her down when she tried to fight him off. No weapon was produced at either trial.

Rice's appointed attorney at the second trial did not move to suppress evidence of the revolver or object to such evidence during the testimony of the complaining witness or that of an investigating police officer. He also made no objection to references to a gun in opening statement and closing arguments of the prosecutor. Rice did not testify at the second trial, but his attorney attempted to establish by cross-examination of the complaining witness that she had agreed to have sex with Rice in exchange for money and that she was angry when he refused to pay after the act was completed. Rice had testified at the first trial that he offered the complaining

witness fifty dollars when he picked her up and that he refused to pay her after they had intercourse. The attorney at the second trial attempted to attack the complaining witness's credibility, particularly with respect to the presence of a weapon.

### C.

Following Rice's conviction his attorney appealed to the Ohio Court of Appeals, raising the single issue of sufficiency of the evidence. The court of appeals reviewed the evidence, remarking that the victim was abducted at gun point, that there were repeated threats to kill her, and that she struggled and attempted to escape. From this review of the evidence the court of appeals concluded that the evidence was sufficient to show "force and involuntary submission rather than consent," and affirmed. Counsel did not seek review in the Ohio Supreme Court.

In January 1983 Rice filed a petition for relief after judgment, proceeding *pro se.* Ineffective assistance of counsel was raised· as an issue in this petition; Rice cited both the Constitution of the United States and the Constitution of Ohio. The trial judge entered findings of fact and conclusions of law in denying the petition. With respect to the issue of effectiveness of counsel the court found that under all the circumstances Rice had a fair trial, citing Ohio cases making this the test. The Ohio Court of Appeals affirmed denial of relief and Rice petitioned the Supreme Court of Ohio for review. In his memorandum in support of jurisdiction Rice relied on the double jeopardy guarantee of the Fifth Amendment and claimed a violation as follows:

> Attorney Ciccolini's failure to file any pre-trial Motions pursuant to Criminal rule 12, or any other under the criminal rules of procedure in Ohio resulted in appellant being twice placed in jeopardy for the same offense.
>
> The failure to (sic) attorney Ciccolini to file a motion to suppress or object to the statements that appellant had a gun by, Officer Bennett, Diana Barkley (the complaining witness), Detective Constos and even Prosecutor Robert Bulford constituted prejudicial error, and rendered the trial as a whole fundamentally unfair.

In its memorandum opposing jurisdiction the state responded to the double jeopardy contention as follows:

> Lastly, Appellant argues that defense counsel was ineffective in that he did not file a motion to suppress the testimony of Officer Bennet, Diana Barkley, and Det. Contos in regard to Appellant having a gun.
>
> The State asserts that the trial court did not err in denying Appellant an evidentiary hearing on his post-conviction relief motion.
>
> The State contends that Appellant failed to meet his initial burden to submit "evidentiary documents containing sufficient operating facts" to support his claim of ineffective assistance of counsel. A criminal defendant is not automatically entitled to such a hearing. *State v. Jackson,* 64 Ohio St.2d 107 [413 N.E.2d 819] (1980). The claim of ineffective assistance of counsel does not always require a hearing. Appellant's bare, general, conclusory allegations are entirely unsupported and "without meaning absent a showing that this (alleged) action as it pertains to this case was a violation of the defense counsel's duty to his client." *State v. Nabozny,* 54 Ohio St.2d 195 [375 N.E.2d 784] (1978).
>
> Where as here, Appellant submits nothing more than his own unsupported conclusory allegations, the State contends that an evidentiary hearing should be denied, *Jackson, Nabozny,* and that, therefore, the appellate court's decision should be affirmed.

The state did not contend that counsel for Rice had waived the defense of double jeopardy by failing to object to the evidence of the weapon or by not moving to have it suppressed. Instead, the state argued that Rice had failed to support his *pro se* claim of ineffective assistance of counsel with evidentiary documents. Thus, the state did not rely on a procedural default by trial counsel as a ground for denying post trial relief. The Supreme Court of Ohio denied

review, dismissing the appeal "for the reason that no substantial constitutional question exists herein."

## II.

In his *pro se* petition in the district court Rice again relied on a claim of ineffective assistance of counsel, referring specifically to his attorney's failure to prevent the admission of evidence concerning a weapon at the second trial. In its "return of writ" the state argued the merits of the ineffective assistance claim and the law of double jeopardy. It did not raise the issue of counsel's procedural default. The magistrate found that counsel's failure to object or to seek suppression of evidence of the weapon constituted a procedural default which would foreclose consideration of the double jeopardy issue unless "cause" and "prejudice" were established, citing *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The magistrate then found that the appointed attorney had rendered ineffective assistance which constituted cause for the procedural default, and that Rice was clearly prejudiced by his attorney's deficient performance.

■ The magistrate erred in requiring Rice to demonstrate cause and prejudice. The Court made it clear in *Wainwright v. Sykes* that the cause and prejudice requirement for federal review of a state conviction where a procedural default has occurred is based upon considerations of comity. Considerations of comity do not require a federal court to abstain from deciding a constitutional claim on grounds of procedural default where the state courts have not enforced a given state procedural rule. As we pointed out in *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985), "[t]he cause and prejudice standard is not applied, however, when the state court overlooks the procedural default and instead disposes of the issue on the merits." See also *Raper v. Mintzes*, 706 F.2d 161, 163 (6th Cir.1983) ("In such a case, the rationale of *Sykes* is inapplicable since the state itself has chosen not to apply its procedural rules so as to bar the claim and the state has had the first opportunity to

address the constitutional question."); *Hockenbury v. Sowders*, 620 F.2d 111, 115 (6th Cir.1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981) ("the failure to comply with a state's contemporaneous objection requirement cannot be deferred to as a separate and independent procedural ground precluding federal review if the state itself did not preclude review on the basis of that requirement.").

■ The record makes it clear that this is not a case for application of the cause and prejudice requirement. The Ohio courts had several opportunities to deny review on the basis of counsel's failure to make a contemporaneous objection to introduction of the evidence that Rice had a weapon in his possession during the events of February 24, 1982 and chose not to enforce the state's procedural requirements.

## III.

■ We turn now to the merits of Rice's claim of ineffective assistance of counsel.

### A.

At the evidentiary hearing before the magistrate, the attorney who defended Rice at the second trial acknowledged familiarity with the concepts of double jeopardy and collateral estoppel. He testified that he knew there had been evidence of a weapon at the first trial and that Rice had been acquitted of the charge of possessing a weapon while under disability. While he had heard of *Ashe v. Swenson*, he did not believe it applied since Rice was not being tried a second time on the charge of which he had been acquitted previously. The attorney stated that he attempted to emphasize features of the complaining witness's testimony that impaired her credibility, believing that if the jury found her unbelievable in any respect they would easily disregard evidence of the presence or use of a revolver.

It did not occur to the attorney that Rice's acquittal of the weapon charge at the first trial would foreclose testimony at the second trial that the defendant had

used a gun to force the complaining witness into the car. He testified further that there was other evidence of force and threats of force sufficient to satisfy these elements of the kidnapping and rape charges. He chose to attack the complaining witness's version of what happened after she entered the car rather than her story of why she entered it in the first place.

### B.

In *Ashe v. Swenson* the Supreme Court held that collateral estoppel is "an established rule of federal criminal law." 397 U.S. at 443, 90 S.Ct. at 1194. The Court defined collateral estoppel as follows:

> It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*Id.* The application of this rule in criminal cases was described as follows:

> The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States,* 332 U.S. 575, 579, 68 S.Ct. 237, 239, 92 L.Ed. 180. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.

*Id.* at 444, 90 S.Ct. at 1194 (footnotes omitted).

The magistrate reasoned in this case that the first jury had necessarily found that Rice did not have a gun when the incidents of February 24, 1982 occurred since he admitted a prior felony conviction and the jury acquitted him of having a weapon while under disability resulting from such a felony conviction. He concluded that "[a] rational jury could have grounded its verdict of acquittal only upon the issue of whether the petitioner knowingly had or used a gun on the day in question." The magistrate further found that it was unreasonable for Rice's attorney not to have objected to evidence that a gun was used and not to have moved to suppress this evidence "since a lawyer of ordinary skill and training" would have filed such a motion. He found that there was prejudice because consideration of all the evidence demonstrated a "reasonable probability that but for counsel's failure to suppress the gun testimony the result of the second trial would have been different." Thus, Rice was convicted in violation of the constitutional guarantee against double jeopardy because of his attorney's deficient performance at trial.

### IV.

On appeal the state argues that it was not necessary to prove that Rice had a weapon at the time of the occurrences involving the complaining witness, but only that she was detained and compelled to engage in sexual intercourse by the use of force or threat of force. The trial court charged the jury at the second trial that "[t]hreat of such force includes direct threat or threat by innuendo." The state seeks to avoid the application of *Ashe v. Swenson* by arguing that when the testimony concerning use of a weapon during the encounter with the complaining witness is excluded, there is sufficient other evidence of force and threats of force to support a guilty verdict on rape and kidnapping charges. This being so, the state argues collateral estoppel did not bar the handgun evidence and there was no basis

for finding the attorney's performance deficient. This argument misses the point, as it concerns sufficiency of the evidence rather than the constitutional claim now before us.

The state maintains that no error by Rice's attorney was so egregious as to deprive Rice of "counsel" within the meaning of the Sixth Amendment. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Thus, it argues, the issue is one of effective assistance of counsel, not deprivation of counsel. We agree. Turning to the question of the effectiveness of counsel, the state argues that the attorney was familiar with double jeopardy principles, but reasonably did not believe they applied, and pursued tactics at trial that he felt were more likely to create doubts in the minds of the jury rather than concentrating on whether or not Rice had a weapon. The state relies particularly upon the following statement in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984):

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. *Engle v. Isaac*, 456 U.S. 107, 133–134 [102 S.Ct. 1558, 1574–1575, 71 L.Ed.2d 783] (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See *Michel v. Louisiana, supra*, [350 U.S. 91] at 101 [76 S.Ct. 158, at 164, 100 L.Ed. 83 (1955)].

The petitioner responds that any reasonably competent attorney would have recognized the double jeopardy implications of the evidence of a weapon at the second trial, and that appointed counsel's performance was seriously deficient. Relying on *Strickland* he argues that the magistrate correctly found that there was more than a reasonable probability that the result of the second trial would have been different if the evidence of a gun had been excluded. Rice points out that the complaining witness was never struck or beaten and that she claimed he was holding the gun when he threatened her life. Without evidence of a weapon there would have been no credible evidence of force or threats of force.

## V.

*Ashe v. Swenson* concerned the robbery of six individuals involved in a poker game. Ashe was tried initially for robbing one of the players and acquitted. Later he was tried for robbing a different player and convicted. Both trials involved the same robbery, but the state "refined" its evidence at the second trial. The Supreme Court found that the situation was "constitutionally no different" than if the state had sought to try Ashe again with stronger identification evidence, for robbery of the player named as the victim at the first trial. 397 U.S. at 446, 90 S.Ct. at 1195.

The present case differs factually from *Ashe v. Swenson*. Here there was no attempt to resurrect the weapon charge for which Rice had been acquitted. He was retried only on charges that resulted in a hung jury at the first trial, a practice that does not result in double jeopardy. No doubt this is what threw counsel off. The attorney testified that he investigated a possible double jeopardy defense based on the similarity and simultaneous happening of the events involved in the kidnapping and rape charges. Nevertheless, he failed to appreciate the fact that Rice's acquittal of the weapon charge constituted a finding

that he did not have a gun and precluded the introduction of contrary evidence at the subsequent trial. Since Rice's prior felony conviction had been stipulated at the first trial, thus establishing his disability, the only issue presented by the weapon charge was whether Rice did in fact have a weapon in his possession during the encounter with the complaining witness. We do not perceive how "a rational jury could have grounded its [not guilty] verdict upon an issue other than" the possession of a weapon at that time. *Ashe v. Swenson,* 397 U.S. at 444, 90 S.Ct. at 1194.

Indulging the presumption of effective representation mandated by *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, does not lead to a different conclusion. Rice's appointed attorney forthrightly stated at the evidentiary hearing that it did not occur to him that acquittal of the weapon charge would foreclose the admission of testimony about a gun at the second trial. This being the case, his failure to seek exclusion of that evidence cannot be attributed to trial tactics. His strategy of seeking to question the complaining witness's credibility would not have ruled out an effort to exclude the evidence of a gun. The two objectives would not have been inconsistent.

Having concluded that counsel's representation was deficient, the further conclusion that Rice was prejudiced is inescapable. While there was some evidence of other force and threats of force, testimony about the presence of the gun and the way it was handled and brandished was far more pervasive and direct. It is at least reasonably probable that a jury which heard all the other evidence at the second trial, but none of the evidence concerning the presence or use of a gun, would have failed to convict Rice.

The judgment of the district court is affirmed.

NATHANIEL R. JONES, Circuit Judge, concurring.

I concur fully in the Chief Judge's opinion. I write separately only to express my belief that the failure of counsel at Rice's

second trial to object to the handgun evidence constituted ineffective assistance that would itself have satisfied the cause and prejudice standard. *See Murray v. Carrier,* —— U.S. ——, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986); *accord Cook v. Foltz,* 814 F.2d 1109, 1113 (6th Cir.1987) (Merritt, J., concurring).