42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Curtis LEE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1425.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 Before: MERRITT, Chief Judge, KEITH and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Michael Curtis Lee appeals from an order denying a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Michael Curtis Lee was found guilty after a jury trial of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. Sec. 846, and received a 262 month term of imprisonment. The conviction and sentence were subsequently affirmed on appeal. United States v. Lee, No. 90-1391, 1990 WL 163836 (6th Cir. Oct. 16, 1990) (order).
 
 
 3
 In 1992, Lee filed a Sec. 2255 motion to vacate sentence. The government responded and the matter was referred to a magistrate judge. The magistrate recommended that the motion be denied. The district court adopted this recommendation over Lee's objections and the present appeal followed. The parties have briefed the issues; Lee is proceeding without benefit of counsel.
 
 
 4
 Lee's primary ground for relief is the alleged ineffective performance of his trial counsel. An examination of the record and law in this regard does not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 In 1988, Lee and 21 other individuals were named in a multiple-count indictment for firearms, tax and drug trafficking offenses. The grand jury found the acts in furtherance of the conspiracy took place from 1983 "up to and including the date of this indictment," that is, February 26, 1988. At trial, eyewitness testimony from a conspirator-turned-informant (Pat Middleton) and two law enforcement officials implicated Lee in the conspiracy. The testimony placed Lee at various crime scenes and in the daily operations of the conspiracy in the latter portion of 1986. Lee was sentenced under the provisions of the Sentencing Guidelines.
 
 
 6
 Lee's Sec. 2255 motion to vacate is grounded in one overarching claim of ineffective assistance of counsel supported by several examples of this ineffective performance. Specifically, Lee contended that his trial counsel failed to assert a valid alibi defense on his behalf, did not conduct a thorough investigation, refused to permit Lee to testify in his own behalf and was generally unprepared for trial. Lee supported this motion with several affidavits of potential alibi witnesses. Lee also asserted, in his "Traverse" to the government's response, that he should not have been sentenced under the guidelines, that he was so sentenced and therefore this was another example of counsel's deficient performance.
 
 
 7
 The magistrate concluded Lee was not entitled to relief as he was unable to satisfy the "prejudice" prong of the two-part test for evaluating counsel's performance set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The magistrate noted that, even allowing for a successful attack on the credibility of Pat Middleton and the admission of the alibi testimony, there was still ample testimony from the police officers linking Lee with many of his co-defendants at two different crack houses. The report does not contain a reference to the guideline sentence aspect of Lee's motion. The district court adopted the report and recommendation in a summary opinion.
 
 
 8
 On appeal, Lee sets forth five assignments of error. The first four are directed to the merits of the ineffective assistance of counsel claim; the fifth is an assertion that the district court should have conducted an evidentiary hearing on his motion.
 
 
 9
 There is no merit to Lee's ineffective assistance of counsel claim. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland, 466 U.S. at 687. In this context, prejudice is the clearly negative impact on the results of the trial. Rice v. Marshall, 816 F.2d 1126, 1131-32 (6th Cir.1987). The core of Lee's motion is his insistence that an unassailable alibi defense was available to him had his counsel only bothered to investigate the possibility or permitted him to testify to this effect. Neither Lee's motion nor accompanying affidavits, however, support this assertion. The affidavits accompanying Lee's motion show that several persons are willing to swear Lee was in and around Moro, Arkansas, from 1984 through "mid-summer" 1986. The magistrate considered this but properly noted the vast majority of trial testimony implicating Lee in the conspiracy was not necessarily inconsistent with this "alibi." That is, much of Lee's involvement was said to have taken place after October 1986. The record bolsters this view. Thus, counsel's performance did not result in a clearly negative impact on Lee's trial. To the extent that Lee's Sec. 2255 motion is bottomed on the alleged failure of counsel to present/investigate/prepare for a viable alibi defense, it lacks merit.
 
 
 10
 To the extent Lee's motion is based on his claim that he should not have been sentenced under the guidelines, it is likewise meritless. There was ample evidence before the court that Lee's personal involvement in the conspiracy occurred after the effective date of the guidelines, November 1, 1987. In addition, this court has repeatedly held that where a defendant participates in an ongoing offense, which continues after the guidelines take effect, the guidelines apply. See, e.g., United States v. Barger, 931 F.2d 359, 365 (6th Cir.1991).
 
 
 11
 Finally, Lee contends the district court erred in dismissing his Sec. 2255 motion without first conducting an evidentiary hearing. A decision to deny a Sec. 2255 motion without an evidentiary hearing is reviewed for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). The district court did not abuse its discretion in this regard as it plainly appears the existing record was adequate to resolve Lee's claims. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). The appeal is without merit.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.