43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alton Dennis KILBOURN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1679.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1994.
 
 Before: KEITH, JONES and GUY, Circuit Judges.
 
 ORDER
 
 1
 Alton Dennis Kilbourn appeals from an order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Alton Dennis Kilbourn was found guilty after a jury trial of conspiracy to possess with intent to distribute and to distribute cocaine and an accompanying attempt to commit the same crime, in violation of 21 U.S.C. Secs. 841 and 846. The district court sentenced Kilbourn to a sixty month term of imprisonment. Kilbourn's conviction, as well as that of his two co-defendants, was affirmed on appeal. United States v. Harris, 9 F.3d 493 (6th Cir.1993).
 
 
 3
 In 1994, Kilbourn filed a motion to vacate sentence in which he challenged the constitutionality of his conviction. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court ultimately adopted the recommendation over Kilbourn's objections and this appeal followed. The parties have briefed the issues; Kilbourn is proceeding without benefit of counsel.
 
 
 4
 Kilbourn raises three assignments of error on appeal. The record and law indicate one of these assignments is not cognizable in this forum; the other two lack merit. In short, Kilbourn's conviction was not the product of a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 The relevant facts, as adduced at trial, are as follows: Kilbourn and his co-defendants were indicted for their part in a federal Drug Enforcement Agency (DEA) "reverse buy." The DEA began the underlying investigation in 1990 by using an informant to sell small quantities of cocaine to Joseph Harris. Harris subsequently expressed interest in purchasing a larger quantity of cocaine and, in furtherance of this scheme, brought his real estate partner Ronald Morgan to the deal. Harris, Morgan and Kilbourn (Morgan's father-in-law) then met with the informant at a restaurant and tendered $20,000 for the purchase of two kilograms of cocaine. A DEA agent posing as a drug supplier entered the conversation, finalized the "deal," and accepted the money. The trio was later arrested. At Kilbourn's trial, Morgan exercised his Fifth Amendment privilege in declining to testify.
 
 
 6
 Kilbourn's Sec. 2255 motion is based on ineffective assistance of trial counsel. He advances three arguments in support of this claim.
 
 
 7
 I. Counsel failed to present exculpatory evidence to the jury which was readily available to counsel.
 
 
 8
 II. Petitioner's counsel failed to adequately prepare for trial.
 
 
 9
 III. By failing to secure the testimony of Morgan, counsel failed to protect petitioner's rights under the Sixth Amendment.
 
 
 10
 The magistrate concluded that Kilbourn's first claim did not demonstrate substandard performance and the "exculpatory evidence" to which Kilbourn referred was not relevant to the guilt or innocence determination. The magistrate also found, in addressing the second and third claims together, that Kilbourn's trial counsel could not reasonably have been expected to call or interview a witness who was, as Kilbourn readily concedes, unwilling to waive his Fifth Amendment privilege against testifying. The district court summarily adopted this report and recommendation.
 
 
 11
 On appeal, Kilbourn brings three assignments of error, two of which are apparent attempts to introduce new claims.
 
 
 12
 I. Is Appellant's counsel not ineffective for failing to develop exculpatory evidence during trial?
 
 
 13
 II. Does the district court's finding not directly contradict evidence presented by the government?
 
 
 14
 III. Was Appellant's Sixth Amendment right to present a defense not violated?
 
 
 15
 Kilbourn's first assignment of error lacks merit. Kilbourn contends specifically, as he did in his Sec. 2255 motion, that his counsel was ineffective for not informing the jury that two other individuals were arrested along with him and were involved in the offense. Kilbourn contends the jury would have "obviously" concluded from this knowledge that these others were the real parties in interest. This is the extent of Kilbourn's appellate argument in this regard.
 
 
 16
 A party seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In this context, prejudice is the clearly negative impact on the results of the trial. Rice v. Marshall, 816 F.2d 1126, 1131-32 (6th Cir.1987). There is absolutely no support in the record or law for Kilbourn's blithe assertion that the jury would have acquitted him if they had been told two other individuals were implicated in the conspiracy. Indeed, there is every indication in the record the jury was made aware, through the trial testimony of the informant, that others may have been involved in the conspiracy. This argument lacks merit. It is also noted that Kilbourn did not reassert the remainder of his claims raised below in support of this ground. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 17
 Kilbourn's second appellate claim is an attack on the weight or sufficiency of the evidence against him. This court has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed in a Sec. 2255 proceeding. See, e.g., United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970). In addition, this claim was raised and rejected on direct appeal. See Harris, 9 F.3d at 502-03. An issue that has been decided on appeal may not thereafter be relitigated in a second appeal absent extraordinary circumstances not present here. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 18
 Kilbourn's third contention is that he was denied his Sixth Amendment right to present a defense by the refusal of Morgan to waive his Fifth Amendment protections and testify at Kilbourn's trial. It is initially noted that this appellate claim was never before the district court in its present form. That is, although Kilbourn complained of Morgan's refusal to testify, it was in the context of his counsel's ineffective performance in declining to interview or call Morgan as a witness. Strictly speaking, then, this claim is not cognizable in this forum as not having been squarely placed before the district court. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). If, however, the pleadings are accorded the liberal construction mandated by Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), then the Sixth Amendment claim may be properly before this court. Assuming arguendo that this is the case, the contention is meritless. Kilbourn's claim hinges on his belief that his right to have Morgan's compelled testimony outweighed Morgan's right not to incriminate himself. This belief is completely contradicted by law. See, e.g., United States v. Tisdale, 952 F.2d 934, 940 (6th Cir.1992). The appeal lacks merit.
 
 
 19
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.