69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny STOKES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1185.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 Before: KRUPANSKY, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Danny Stokes appeals the district court's judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Danny Stokes was convicted after a jury trial of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841 and 846, unlawful use of a communication facility, in violation of 21 U.S.C. Secs. 843(b), and attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841 and 846. Stokes received an aggregate 188 month sentence with a 5 year period of supervised release. The conviction was affirmed in all respects on direct appeal. United States v. Stokes, Nos. 91-2001/2059/2072/2073, 1993 WL 312009 (6th Cir.1993) (per curiam) (unpublished).
 
 
 3
 In 1994, Stokes filed a Sec. 2255 motion to vacate sentence in which he challenged both the conviction and sentence. The district court denied the motion and this appeal followed. The parties have briefed the issues; Stokes is proceeding without benefit of counsel.
 
 
 4
 The case against Stokes had its genesis in a 1990 arrest of a drug dealer and courier (Pete Moore) in California by agents of the Drug Enforcement Administration. Moore specifically named Stokes as an individual in Detroit with whom he conspired to distribute illegal substances in the past. The DEA then arranged (with Moore's cooperation) a series of meetings in the Detroit area with Stokes and others to discuss the terms of a possible drug deal. These meetings culminated in the arrest of Stokes and two others (Terry Bailey and Bobby Wade) during a videotaped controlled purchase in a Southfield, Michigan, hotel room. Wade eventually entered into a plea agreement; Stokes and Bailey were found guilty after a jury trial.
 
 
 5
 Stokes brought five assignments of error on direct appeal. He claimed that he was entrapped, the jury instructions were improper, the verdict was not supported by the necessary quantum of evidence, the conviction was tainted by juror misconduct and that the trial court erred in preventing two of Stokes's witnesses from testifying. Stokes did not mount any direct challenge to any aspect of his sentence. The panel rejected these claims and affirmed the conviction in all respects.
 
 
 6
 Stokes thereafter filed the present motion to vacate. Stokes set forth five general grounds for relief. The district court rejected these and, on appeal, Stokes reasserts four of them. These four grounds for relief are: 1) a violation of the prosecution's duty under Brady v. Maryland, 373 U.S. 83 (1963), to disclose evidence favorable to the defense; 2) ineffective assistance of trial counsel; 3) an improper sentencing calculation of the amount of drugs involved in the offense that were fairly attributable to the defendant; and, 4) an improper decision to enhance Stokes's base offense level by three points pursuant to USSG Sec. 3B1.1(b) (role in the offense).
 
 
 7
 An examination of the record discloses that Stokes could have raised claims 1, 3 and 4 on direct appeal but did not do so. There is no mention of these issues in the original panel opinion adjudicating the direct appeal. It is clear that a Sec. 2255 motion to vacate will not serve as a substitute for direct appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). An issue not preserved by direct appeal generally is not freely cognizable on collateral attack absent a demonstration of cause for the procedural default and actual prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-68 (1982). The exception to this rule applies only when it appears that a fundamental miscarriage of justice has taken place. Murray v. Carrier, 477 U.S. 478, 495 (1986). There is nothing in the record to indicate that either Stokes or his counsel was affirmatively prevented from raising these issues earlier or that Stokes has articulated any prejudice resulting from this omission. These appellate contentions lack merit.
 
 
 8
 Stokes's remaining ground for relief is ineffective assistance of trial counsel. This claim is based on several alleged examples of counsel's errors of omission and is completely meritless. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In this context, prejudice is the clearly negative impact on the results of the trial. Rice v. Marshall, 816 F.2d 1126, 1131-32 (6th Cir.1987).
 
 
 9
 Stokes's first example of attorney ineffectiveness centers around the fact that two of his witnesses apparently were barred from testifying because they did not comply with the trial court's witness sequestration order. In one respect, this claim may be seen as an attempt to relitigate an issue, as the propriety of the district court's ruling to exclude the testimony was decided on direct appeal. An issue that has been decided on appeal may not thereafter be relitigated in a second appeal. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). It is noted that the panel found no abuse of discretion in excluding the witnesses and that any testimony they would have offered would have been of marginal benefit to Stokes. This latter observation shows that this omission, even if attributable to Stokes's counsel, was not of constitutional dimension. The other alleged examples of deficient performance are equally unavailing. The appeal lacks merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.