103 F.3d 132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Malcolm David YOUNG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5217.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a judgment denying a motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Malcolm Young was found guilty after a jury trial of attempted murder on a military reservation, in violation of 18 U.S.C. § 1113, assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113, and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The court sentenced Young to an aggregate 170 month term of imprisonment and a panel of this court subsequently affirmed the conviction in a bench decision.
 
 
 3
 In 1995, Young filed a motion to vacate sentence in which he challenged the constitutionality of both his conviction and sentence. The matter was referred to a magistrate judge who recommended that the motion should be denied. The district court adopted the recommendation, over Young's objections, and this appeal followed. The parties have briefed the issues; Young is proceeding without benefit of counsel.
 
 
 4
 Young brings six assigned errors on appeal, including a claim that the district court erred in disposing of his motion without conducting an evidentiary hearing. This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 5
 In December 1991, an altercation that lead to a shooting took place at the noncommissioned officer's club on the Fort Knox [Kentucky] Military Reservation. The ensuing investigation focused on a former civilian employee, Malcolm Young, who was subsequently indicted. The case went to a jury after Young declined a plea bargain in open court. The government's case-in-chief included eyewitnesses who identified Young as having been involved in the altercation and believed to be the person who fired the shots. Young did not take the stand in his defense. The jury found Young guilty of the crimes listed above and this court affirmed the conviction from the bench.
 
 
 6
 Young set forth three main grounds for relief with several sub-issues in his § 2255 motion to vacate sentence. The first ground is an overarching claim of ineffective assistance of trial counsel. The second ground for relief is ineffective assistance of appellate counsel. Young contends that his counsel was ineffective in not challenging "the insufficiency of evidence pertaining to the jury instruction." The third ground for relief is that the guideline sentence was illegal in that it exceeded the guideline "provision" and the court neglected to articulate any reasons for the sentence.
 
 
 7
 The matter was referred to a magistrate judge. The magistrate examined the claims and the factual record and concluded that the motion should be denied. The district court adopted the recommendation, over Young's objections, and this appeal followed.
 
 
 8
 It is initially noted that Young has not raised several claims on appeal. Specifically, Young's appellate filings make no mention of his three sub-issues centering around his counsel's response to allegedly erroneous jury instructions, nor does Young maintain that his sentence was not authorized in law. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). These issues are therefore not before the court.
 
 
 9
 Young continues to argue that he was denied effective assistance of trial counsel through inappropriate advice concerning Young's rejection of a plea bargain and Young's decision not to take the stand in his own defense. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In this context, prejudice is the clearly negative impact on the results of the trial. Rice v. Marshall, 816 F.2d 1126, 1131-32 (6th Cir.1987). Under the Strickland test, this court's scrutiny of trial counsel's performance is highly deferential and begins with the strong presumption that counsel's advocacy fell within the wide range of professional assistance. Blackburn v. Foltz, 828 F.2d 1177, 1180 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988).
 
 
 10
 The factual record before the court completely supports the district court's decision to reject this claim in its entirety. The record before the court completely belies Young's representation that his trial counsel advised him to reject the plea bargain offered. In fact, Young twice stated in open court that it was his desire to take the case to trial. This claim lacks merit.
 
 
 11
 Young's second allegation in this context is equally meritless. Young contends, in a wholly conclusory fashion, that trial counsel "failed to prepare and offer" Young's alibi testimony in his own defense. This claim is couched in vague terms so that it appears alternatively as a claim that Young was prevented from testifying that he left the scene prior to the shooting and as a claim that Young was advised against taking the stand.
 
 
 12
 One attempting to establish an ineffective assistance of counsel claim bears the burden to show that he was actually prejudiced by the alleged constitutional error. Strickland, 466 U.S. at 694. Young has utterly neglected to show, even if his allegations are construed as a claim that he was affirmatively prevented from testifying, exactly how the omission worked to his actual prejudice. The magistrate noted, without subsequent contradiction, that Young's trial attorney elicited "alibi" testimony from two other persons in the face of eyewitness testimony to the contrary. There is no indication of record that this cumulative testimony would have swayed the jury or that the prosecution would not have taken advantage of Young's presence to damage his credibility on cross-examination.
 
 
 13
 Young also maintains that he was denied the effective assistance of appellate counsel when his appellate counsel did not argue that there was insufficient evidence of "malice aforethought" adduced to convict him of the crimes charged. This claim presupposes that there was no direct proof that Young intended to harm anyone in the shooting. In fact, as noted by the magistrate judge, the trial transcript reflects that one of the victims testified that he believed that the shots were fired at him. Thus, even had Young's appellate counsel raised this argument, it would have failed under Jackson v. Virginia, 443 U.S. 307, 319 (1979) (evidence sufficient to support conviction if, viewing it in the light most favorable to prosecution, reasonable trier of fact could find crime charged).
 
 
 14
 Finally, Young relied on United States v. Lopez, 115 S.Ct. 1624 (1995), in arguing that there were insufficient federal interests presented on the facts of the case so that the underlying prosecution was unconstitutional. Suffice it to note that a felonious shooting that takes place on a federal military installation is not analogous to the regulation of guns near state schools as addressed in Lopez. This appeal lacks merit.
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.